IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division

ELECTRONICALLY
FILED
Aug 28 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| LESIA KINCAID, | PLAINTIFF |
| VS. | CIVIL ACTION NO. 2:18-CV-85 (Bailey) |
| DITECH FINANCIAL, LLC, | DEFENDANT |

**CLASS ACTION COMPLAINT**

*INTRODUCTION*

1.   Plaintiff brings this action on her own behalf and on behalf of all West Virginia consumers who were subjected to prohibited collection practices utilized by Ditech Financial, LLC. attempting to collect time-barred "zombie debt"[1] that haunts West Virginia consumers.

*JURISDICTION*

2.   This Court has jurisdiction over this matter pursuant to 15 U.S.C.§1692k(d) and the acts giving rise to this claim arose in this judicial district.

---

[1] Protecting Consumers from Zombie-debt Collectors, 44 N.M. L. Rev. 327, 354 (2014).  Cited in *Baye v. Midland Credit Management, Inc., et al*. 2017 WL 491-8998. Zombie debt: What the CFPB Should Do about Attempts to Collect Old Debt, National Consumer Law Center, January 2015.

While the amount of Plaintiff's actual damages is left to a determination by the trier of fact, it is plausible that Plaintiff could have suffered emotional damages in an amount greater than $500 as a result of this "**zombie debt**" that has come back "to haunt her." *Green v. Monarch Recovery Mgmt. Inc*., et al., 2013 WL 520-3809

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 because Plaintiff brings claims arising under federal law.

### THE PARTIES

4. Plaintiff, Leisa Kincaid (Ms. Kincaid) is a resident of Cowen, Webster County, West Virginia.

5. Defendant, Ditech Financial, LLC (DITECH) is a Delaware limited liability corporation with its principal offices at 1100 Virginia Dr., Suite 100A, Fort Washington, PA, 19034

### OPERATIVE FACTS

6. DITECH caused letters to be sent to Plaintiff on October 6, 2017, December 14, 2017 and March 15, 2018

7. Each DITECH collection letter contained this statement in large bold type:

**This is a communication from a debt collector. It is an attempt to collect the debt, and any information obtained will be used for that purpose.**

8. Each DITECH collection letter also contained the statement in large type:

The law limits how long you can be sued on a debt. Because of the age of your debt, Madison Avenue Manufactured Housing Contract Trust 2002-A,

Manufactured Housing Contract Asset-Backed Certificates, Series 2002-A and/or Ditech **will not sue you for it**. (Emphasis added).

9. Effective June 6, 2014, the *West Virginia Consumer Credit and Protection Act*, *West Virginia Code* §46-A-2-128(f) required a debt collector attempting to collect debt when the debt is beyond the statute limitations for filing a legal action for collection to provide the following disclosure in its initial communication to a West Virginia Consumer.

> The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) **cannot sue you for it**. (Emphasis added).

10. Effective July 4, 2017, the *West Virginia Consumer Credit and Protection Act*, *West Virginia Code* §46-A-2-128(f) was amended to require a debt collector attempting to collect debt when the debt is beyond the statute limitations for filing a legal action for collection to provide the following disclosure in **all** communications to a West Virginia Consumer.

> The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) **cannot sue you for it**. (Emphasis added).

11. Upon information and belief Defendant sent hundreds of such letters to West Virginia consumers within 4 years prior to the filing of this action.

## VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

12. Plaintiff is a "consumer" as defined by *West Virginia Code* §46A-2-122(a) as she is a natural person obligated or allegedly obligated to pay any debt.

13. Defendant asserted a "claim" as defined by *West Virginia Code* §46A-2-122(b) as her obligation or alleged obligation arose from a transaction where the subject of the transaction was primarily for personal, family or household purposes.

14. Defendant is engaged in "debt collection" as defined by *West Virginia Code* §46A-2-122(c) as engages in the action conduct or practice collection of claims owed or due or alleged to be owed or due by a consumer.

15. Defendant is a "debt collector" as defined by *West Virginia Code* §46A-2-122(d) as it is an organization engaged directly or indirectly in debt collection.

16. Defendant's use of the words "will not sue" rather than the mandated "cannot sue" required by *West Virginia Code* §46-A-2-128(f) is a fraudulent, deceptive and misleading representation or means to collect or attempt to collect a claim from a West Virginia Consumer as the term "will not sue" connotes the ability of the creditor to file a legal action for collection and a decision to forgo or forbear a legal action for collection.

17. Conversely, the language required by West Virginia law that a creditor "cannot sue" is a statement of fact, that the creditor cannot bring a legal action for collection because such action is barred by the statute of limitations.

18. Defendant's use of the term "will not sue" rather than the "cannot sue" language required by *West Virginia Code* §46-A-2-128(f) violates such statute.

19. Defendant's use of the term "will not sue" rather than the "cannot sue" language required by *West Virginia Code* §46-A-2-128(f) is a fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims in violation of *West Virginia Code* §46-A-2-127.

20. Defendant's use of the term "will not sue" rather than the "cannot sue" language required by *West Virginia Code* §46-A-2-128(f) is a violation of *West Virginia Code* §46-A-2-127(e) as it was a false representation or implication of the character, extent or amount of the claim against consumer, or of its status in a legal proceeding.

21. Defendant's use of the term "will not sue" rather than the "cannot sue" language required by *West Virginia Code* §46-A-2-128(f) is a violation of *West Virginia Code* §46A-2-124(f) as it is a threat to take any action prohibited by the *West Virginia Consumer Credit and Protection Act* or other law regulating the debt collectors conduct.

## <u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT **(FDCPA)**</u>

1. Plaintiff is a "consumer" as defined by 15 USC §1692a(3) as she is a natural person obligated on or allegedly obligated on a debt.

2. Defendant alleges plaintiff is liable for a" debt" as such term is defined by 15 USC §1692a(5) as defendant seeks to enforce an obligation for money, goods, or services for primarily personal family or household purposes.

3. Defendant is a "debt collector" within the meaning of 15 USC §1692a(5) as it is an entity that uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, **or** an entity that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. DITECH's use of the "will not sue you" language in its October 6, 2017, December 14, 2017 and March 15, 20183 letters to plaintiff when DITECH was prohibited from bringing a suit against plaintiff were a false, deceptive, or misleading representation or means in connection with debt collection as prohibited by 15 USC §1692e.

5. DITECH's use of the "will not sue you" language in its three letters to plaintiff when DITECH was prohibited from bringing a suit against plaintiff were a a threat to take any action that cannot legally be taken as suit against the plaintiff was barred by the statute limitations as prohibited by 15 USC §1692e(5).

6.     DITECH's use of the "will not sue you" language in its three letters to plaintiff when DITECH was prohibited from bringing a suit against plaintiff is a false representation or deceptive means to collect the debt or obtain information about a consumer as prohibited by 15 USC §1692e(10).

## CLASS ALLEGATIONS

7.     Plaintiff brings this action individually and on behalf of all others similarly situated.

8.     The putative class is composed of: All persons with a West Virginia address to whom DITECH mailed a written communication which utilized the term "will not sue you."

9.     Defendant has corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. DITECH carries out its policies and procedures using standardized collection activities, including the use of standardized letters.

10.    The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by DITECH and/or its employees, representatives or agents.

11.    The class is so numerous that joinder of all class members is impractical. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from DITECH's records.  Class

members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

12. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

13. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by DITECH to pay an alleged debt when the amount alleged to be due was false, confusing, misleading and deceptive.

14. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and are represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

15. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and DITECH.

16. The actions of DITECH are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against DITECH for violations of the WVCCPA on a class-wide basis using

the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

17. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class members' claims against DITECH and it would be impractical for the class members to individually seek redress for DITECH's 'wrongful conduct'.

18. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendant would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the Court in adjudicating the claims against DITECH.  Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

19. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for DITECH. Moreover, the likelihood that individual members of the class will

prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

20.   DITECH has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

21.   Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

22.   The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court.  To the extent case-by-case assessment is necessary, DITECH maintains computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

23.   Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## DEMAND FOR RELIEF

Plaintiff and the class she represents demand the following relief from the Defendant:

a) Injunctive relief to prospectively forbid Defendant from engaging in the practice complained of herein;

b) Actual damages;

c) Disgorgement of time-barred debt collected from West Virginia consumers;

d) Statutory penalties pursuant to *West Virginia Code* §46A-5-101(1) as adjusted for inflation and 15 USC 1692k;

e) Attorney's fees;

f) Costs; and,

g) Such other relief as appropriate under the circumstances.

**LESIA KINCAID**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, PLLC

BY: _____
Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
    sbroadwater@hamiltonburgess.com
Ralph C. Young *(W. Va. Bar #4176)*
    ryoung@hamiltonburgess.com
*Counsel for Plaintiff*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727