# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**LESIA KINCAID,**

    Plaintiff,

**v.**                                            **CIVIL ACTION NO. 2:18-CV-85**
                                                                   **(BAILEY)**

**DITECH FINANCIAL LLC,**

    Defendant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Pending before this Court is Defendant Ditech Financial LLC's ("Ditech") Motion to Compel Arbitration and to Dismiss Action [Doc. 6], filed on October 2, 2018. The motion has been fully briefed and is ripe for decision.

## BACKGROUND

Plaintiff Lesia Kincaid filed a Class Action Complaint [Doc. 1] against Defendant Ditech alleging violations of the West Virginia Consumer Credit and Protection Act. Plaintiff alleges Ditech, while attempting to collect on a debt, used "fraudulent, deceptive, or misleading" language in its letters to individuals [Doc. 1, ¶ 16]. Plaintiff alleges that Ditech's letter stated the creditor "**will not** sue you" for the debt owed, instead of the required "**cannot** sue you" language [*Id.* at ¶¶ 16–21]. Ditech moved to compel this case to arbitration based on an arbitration provision in a contract Plaintiff entered into for the purchase of a manufactured home.

1

In 1999, plaintiff entered into a contract titled as **RETAIL INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY AND AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE** (the "Contract") with Carrico Mobile Homes, Inc. to purchase a manufactured home. Greenpoint Credit Corporation ("Greenpoint") financed plaintiff's purchase. In 2004, Greenpoint assigned its loan servicing rights to certain loans to Green Tree Servicing LLC, now as Ditech, the defendant in this case. One of the servicing agreements now assigned to Ditech was plaintiff's. Plaintiff's loan which was previously serviced by Greenpoint is now serviced by Ditech. In collection for a debt owed on the loan, plaintiff alleges Ditech violated the law. Plaintiff filed her claim as a Class Action Complaint to represent a class of multiple unnamed and unknown other people who have been sent letters by Ditech that also contain the "will not sue you" language. Ditech points to the Contract, which Ditech argues requires this dispute to be handled by arbitration.

Most relevant to the instant dispute, the Contract contains a section titled "**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL.**" The language of this section is as follows:

    a.    **Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge

without a jury, as described below. **YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.**

b. **Arbitration.** Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

c. **Judicial Reference or Trial by a Judge.** If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide all questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

[Doc. 7-2, p. 5]. Defendant Ditech filed the instant motion to compel arbitration, arguing that these provisions require arbitration for this case. Plaintiff argues that the provisions do not require arbitration of the instant claims. The motion has been fully briefed and is ripe for judicial review.

3

## APPLICABLE LAW

A party can compel arbitration by establishing: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of the party to arbitrate the dispute. *See* **American General Life & Accident Ins. Co. v. Wood**, 429 F.3d 83, 87 (4th Cir. 2005) (citing **Adkins v. Labor Ready, Inc.**, 303 F.3d 496, 500–01 (4th Cir. 2002)).

Generally, "[t]he FAA reflects 'a liberal federal policy favoring arbitration agreements.'" **Adkins**, 303 F.3d at 500 (quoting **Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.**, 460 U.S. 1 (1983)). Indeed, the FAA serves as "a response to hostility of American courts to the enforcement of arbitration agreements, a judicial disposition inherited from then-longstanding English practice." **Circuit City Stores, Inc. v. Adams**, 532 U.S. 105 (2001). Moreover, a court is required to "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'" **Hill v. PeopleSoft USA, Inc.**, 412 F.3d 540, 543 (4th Cir. 2005) (quoting **Moses H. Cone Mem'l Hosp.**, 460 U.S. at 24–25).

"Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts." **Hill**, 412 F.3d at 543 (citing **First Options of Chicago, Inc. v. Kaplan**, 514 U.S. 938, 944 (1995); **Moses H. Cone Mem'l Hosp.**, 460 U.S. at 24). For example, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2" of the FAA. *See* **Doctor's Assocs., Inc. v. Casarotto**, 517 U.S.

4

681, 687 (1996) (citations omitted)." *Wijesinha v. DirectTV, LLC*, 2016 WL 10906449, *3 (S.D. Fla. Sept. 29, 2016).

## **DISCUSSION**

As an initial matter, there is no dispute that three of the four elements set forth in *American General Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005), have been satisfied. First, there is clearly a dispute between the parties. Next, the relationship of the transaction to interstate or foreign commerce is satisfied because the parties are citizens of different states and the allegations involve the mailing of letters, which are instrumentalities of interstate commerce. Finally, there is clearly a failure, neglect or refusal of the plaintiff to arbitrate the dispute as evidenced by the Complaint in front of this Court and the instant motion to compel arbitration.

The only issue is the second requirement—whether there is a written agreement that includes an arbitration provision which purports to cover the dispute. Both sides argue that the Contract is unambiguous in regards to arbitration. Unsurprisingly however, they disagree on what the results of this "unambiguous" provision requires. Plaintiff believes the Contract does not require arbitration in this case, while defendant believes arbitration is required. The reason for this disagreement and confusion is because the Contract, and specifically the Dispute Resolution provisions, mention multiple methods for dealing with disputes arising out of the Contract.

First, the Contract is titled, in bold and all caps, "**RETAIL INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY AND AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE.**" By

5

its title alone, the Contract allows for resolution of disputes by (1) arbitration; (2) reference; or (3) trial by judge.

Secondly, and at the crux of the disagreement, is the "**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL**" section of the Contract. In relevant part, the "**Dispute Resolution**" subsection states:

> Any controversy or claim . . . arising out of or relating to this Contract . . . shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below.

According to this provision, either side can request arbitration, reference, or trial by judge. Also according to this provision, however, if the claim is a single claimant or related claimants asserting claims from a single transaction, then the only remedy seems to be arbitration. Finally, the provision calls for judicial reference to a court-appointed referee or trial by a judge without a jury. So this provision that is supposed to clearly explain how disputes are to be resolved is instead convoluted and creates uncertainty for the parties. There are a number of interpretations that can reasonably come from this section. It could be read as "any" and every controversy or claim can be determined by any of the three methods that one side requests. It is also very unclear what claims "shall" be determined by judicial reference or trial by judge because the provision states "any *other* controversy" shall be resolved by these methods. What "other" means can be interpreted by the parties many different ways.

However, the main issue based on the parties' briefs is how this case fits with the language "A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below." Plaintiff framed her claims as a class action that represents a class of multiple persons asserting claims from separate transactions. Therefore, plaintiff argues, the language requiring arbitration is inapplicable to this case.

On the other hand, defendant Ditech argues the provision covers both individual and class claims. Defendant points to a Pennsylvania federal court case that dealt with an identical arbitration provision. *See* **Herndon v. Green Tree Servicing LLC**, 2016 WL 1613973, at *5 (M.D. Pa. Apr. 22, 2016). In **Herndon**, the court did indeed state that the provision was "broad language," but the court only compelled arbitration for the individual claims and the putative class claims were not fully addressed. *Id.* at *5. However, that case centered around whether or not a party who was not an original signatory could enforce the arbitration provision. *Id.* at *4–6. Looking at that court's opinion, the issue here—distinguishing between single claimant or single transaction and class actions and whether that makes a difference for requiring arbitration—was not addressed at all.

In the end, this Court is not tasked with determining if this case constitutes a single claimant case which requires arbitration or whether it is a case of multiple claimants and multiple transactions, which may not require arbitration. For threshold questions of whether a claim belongs in arbitration, the "**Arbitration**" subsection of the "**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL**" section of the Contract delegates this determination to the arbitrator, not this Court. The Contract reads: "Any controversy

7

concerning whether an issue is arbitrable shall be determined by the arbitrator(s)." Determining whether arbitration is required or not depends on whether this case constitutes (1) a single claimant or (2) multiple persons asserting claims from separate transactions. Since it cannot be determined whether arbitration is required without determining that threshold issue and the Contract clearly delegates that determination to an arbitrator, this case shall be referred to arbitration.

Delegation provisions that move the threshold decisions of arbitrability from the judicial system and into the arbitration arena are enforceable. *See e.g.*, ***Schumacher Homes of Circleville, Inc. v. Spencer***, 237 W.Va. 379, 387, 787 S.E.2d 650, 658 (2016). Additionally, the Contract states that the "Commercial Rules of the American Arbitration Association ("AAA") also shall apply." [Doc. 7-2, p. 5]. Reference to the AAA has been held as sufficient to show that threshold questions of arbitrability are to be decided by the arbitrator. *See, e.g.*, ***West Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.***, 238 W.Va. 465, 480, 796 S.E.2d 574, 589 (2017) ("[I]ncorporation of the AAA rules constituted 'clear and unmistakable' evidence of [the parties'] intent to submit the arbitrability dispute to arbitration."); ***Ashworth v. Five Guys Operations, LLC***, 2016 WL 7422679, at *3 (S.D. W.Va. Dec. 22, 2016) (Chambers, C.J.) (noting the "unanimity of opinion among federal courts" that incorporation by reference to AAA is "clear and unmistakable expression of the parties' intent to leave gateway issues to the arbitrator and not the court," even though the authoring judge did not agree with the logic).

Therefore, this case shall be referred to arbitration because (1) there is a question of whether this case constitutes a single claimant case or if it is class of multiple cases and

8

separate transactions; (2) the Contract provides that questions of arbitrability are to be determined by the arbitrator; and (3) the Contract refers to the AAA.  The arbitrator is required in order to determine how this case shall be categorized and, once that determination is made, whether the case should be handled in arbitration or in this Court.

### CONCLUSION

Based on the foregoing, Defendant Ditech Financial LLC's Motion to Compel Arbitration and to Dismiss Action **[Doc. 6]** is **GRANTED**.  Accordingly, this Court **ORDERS** this matter be **STAYED** pending arbitration.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: November 13, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE